**E-FILED**
Wednesday, 05 October, 2005 09:52:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
    Plaintiff,

vs.                      05-1201

GLENN FRENCH, et. al.,
    Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro plaintiff participated in the merit review by telephone conference call.

The plaintiff, Cedric Dupree, has filed his lawsuit pursuant to 42 U.S.C. §1983 against eight named defendants and eight unidentified prison staff. The named defendants include Lieutenants Glenn French, Brewer, and Susan Prentice; Correctional Officers Timothy Ware, Fritsche and Stevens; Sergeant Mary Fritzelle and Warden Guy Pierce. The plaintiff does not state whether he intends to sue these defendants in their official and/or individual capacities.

The plaintiff says on February 17, 2005, Officers Fritsche and French participated in a conspiracy when they paid another inmate to assault the plaintiff. Officers Ware, Prentice and Fritzelle also participated when they asked medical staff not to report or treat the plaintiff's injuries. The plaintiff has adequately alleged conspiracy against Defendants Fritsche, French, Ware, Prentice, and Fritzelle. The plaintiff has also alleged that Defendants Ware, Prentice and Fritzelle violate his Eighth Amendment rights when they were deliberately indifferent to his medical needs.

The plaintiff says on May 1, 2005, Officer Brewer and another unknown officer came into the plaintiff's cell and attacked him. On July 28, 2003, Officer Stevens failed to protect the plaintiff from a violent assault by other staff members. The plaintiff is also alleging that six of the defendants identified in his complaint as "unnamed staff members" participated in this July 28, 2003 assault. Lastly, the plaintiff alleges that he warned Defendant Pierce that he was going to be attacked by staff members, but Pierce took no action.

For clarification of the record, the court finds that the plaintiff has failed to state any official capacity claims. Suits against state officers in their "official capacity" are suits against

1

the state and thus cannot be brought under Section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  The Eleventh Amendment bars suit for damages against defendants insofar as they are sued in their official capacities.  Therefore, all claims are against the defendants in their individual capacities only.

During the hearing, the plaintiff was asked to provide more information concerning Defendant "Stevens" for service of process.  The plaintiff verified that the spelling of the last name was correct, and stated that the officer currently works the 7 a.m. to 3 p.m. shift at Pontiac Correctional Center.

The court also advised the plaintiff that he must provide the names of the unknown defendants within 14 days or these individuals will be dismissed from the complaint.

**IT IS THEREFORE ORDERED that:**

**1)  The court finds that the plaintiff has adequately alleged the following claims against the named defendants in their individual capacities:**

**a)  Defendants Fritsche, French, Ware, Prentice, and Fritzelle participated in a conspiracy to have the plaintiff assaulted and injured by another inmate on February 17, 2005.**

**b) Ware, Prentice and Fritzelle violated the plaintiff's Eighth Amendment rights when they refused medical attention for the plaintiff's injuries on February 17, 2005.**

**c) On May 1, 2005, Officer Brewer and another unknown officer used excessive force when they entered the plaintiff's cell and attacked him.**

**d) Officer Stevens and Warden Pierce failed to protect the plaintiff from a violent assault by other staff members on July 28, 2003.**

**e) Six John Doe defendants assaulted the plaintiff on July 28, 2003.**

**2) Any official capacity claims are dismissed.**

**3) The clerk of the court is directed to add to the service and summons forms for Defendant Stevens that he currently works the 7 a.m. to 3 p.m. shift at Pontiac Correctional Center.**

**4) The plaintiff must identify the eight unnamed defendants within 14 days of today's date or they will be dismissed for this lawsuit. The plaintiff should specify what each defendant is accused of doing.**

2

**5) The plaintiff's motion to proceed in forma pauperis is granted. [d/e 1]**

**6) A scheduling order is to be entered.**

Entered this 5th day of October, 2005.

s\Harold A. Baker
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3