UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
    Plaintiff,

vs.                                                                                         05-1201

GLENN FRENCH, et. al.,
    Defendants.

## ORDER

This cause is before the court for case management. The plaintiff, Cedric Dupree, originally filed this lawsuit pursuant to 42 U.S.C. §1983 against eight named defendants and eight unidentified prison staff. On October 5, 2005, the court conducted a merit review of the plaintiff's complaint and gave the plaintiff fourteen days to identify each the unnamed defendants. The plaintiff complied with the court order and the court added the names of the eight identified correctional staff. However, the plaintiff had not provided the necessary U.S. Marshal service forms for these defendants. The plaintiff was again given additional time and has now provided the necessary forms. The original 16 defendants have been served.

The following motions are now pending: the plaintiff's motion for appointment of counsel [d/e 9]; the plaintiff's motions to amend his complaint [d/e 10, 17]; the plaintiff's motion for a temporary restraining order [d/e 18]; and the defendants' motion for an extension of time to file an answer to the complaint. [d/e 35].

### MOTIONS TO AMEND THE COMPLAINT.

On October 13, 1005, the plaintiff filed a motion asking to clarify the roles of the eight new defendants. On December 1, 2005, the plaintiff filed a motion for leave to file an amended complaint. The plaintiff's original motion to clarify his complaint is denied as moot. [d/e 10]. The plaintiff's second motion to amend his complaint is granted. [d/e 17]. Rule 15(a) of the Federal Rules of Civil Procedure clearly provides that a plaintiff "may amend his pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15 (a). The plaintiff has attached his proposed amended complaint to his motion. The clerk will be directed to file the plaintiff's amended complaint.

### MERIT REVIEW

Even though the plaintiff has now filed an amended complaint, the court is required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may

1

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff's original complaint was filed pursuant to 42 U.S.C. §1983 against 16 defendants including Lieutenants Glenn French, Brewer, Hobart and Susan Prentice; Correctional Officers Timothy Ware, Fritsche, Corey Wilson, Mike Melvin, Ramsey, Rosemburg, Woods, Gerdber and Donald Stevens; Sergeant Mary Fritzelle, Wardens Guy Pierce and Stephen Mote. The plaintiff's amended complaint seeks to add 14 new defendants including Dr. Funk and Dr. Larsen; Correctional Officers Birkel, Shaw, Rodney Gerdes, Dennis Barthold, Mary Hodge and J. Libby; Lieutenants Punke, Eckhert, Potter, Dalbaugh; and Sam Nolen; and Illinois Department of Corrections Director Roger Walker.

The plaintiff's complaint is five pages long. However, he has also attached nine pages of grievances and responses from the Administrative Review Board. The plaintiff states that these documents are proof that he exhausted his administrative remedies. The court will only consider allegations made in the body of the complaint, and will not search for potential claims in the attached documents.

The court finds that the plaintiff makes the following allegations:

1) On February 17, 2005, Officers Fritsche and French participated in a conspiracy when the paid another inmate to assault the plaintiff. Officers Ware, Prentice, Rosemburg and Fritzelle also participated when they asked medical staff not to report or treat the plaintiff's injuries. The plaintiff has adequately alleged conspiracy against Defendants Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle. The plaintiff has also alleged that Defendants Ware, Prentice, Rosemburg and Fritzelle violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs. Lastly, the plaintiff says the action was taken in retaliation for his grievances and litigation.

2) The plaintiff says on May 1, 2005, Officer Brewers and Gerdes attacked him in retaliation for his grievances and litigation. His injuries were reported to Dr. Larsen who refused to take any action. The plaintiff has alleged that Officers Brewers and Gerdes used excessive force and retaliated against the plaintiff while Dr. Larsen was deliberately indifferent to the plaintiff's serious medical needs.

3) The plaintiff says on July 28, 2003, Officer Stephens held him while Officers Hobart, Melvin, Wilson, Woods, Mote and Hodge assaulted him. The plaintiff says he had warned officials that he would be attacked, but no one protected him. The plaintiff does not state who he warned about the possibility of assault. The court finds that the plaintiff has alleged that the named officers used excessive force. However, he has failed to state a claim for failure to protect in violation of the Eighth Amendment.

4) The plaintiff says from July of 2003 to the present, Dr. Funk refused to provide medical care for the "blood in his urine" which caused the condition to worsen. It is somewhat doubtful the plaintiff has stated a violation of his Eighth Amendment rights, but the court finds that for the purpose of notice pleading, the plaintiff has alleged that Dr. Funk was deliberately indifferent to his serious medical condition.

5) Officers Corey Wilson, Jack Libby, Mary Hodge, S. Mote, S. Nolen, R. Walker, and Pierce refused to properly investigate the attacks or respond to the plaintiff's letters concerning the attacks. The plaintiff has failed to state a violation of his constitutional rights. The plaintiff also alleges that the failure to investigate violates his equal protection rights, but the plaintiff has failed to state a claim upon which relief can be granted. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Huebschen v. Department of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir. 1983).

6) The plaintiff lists dates in which he says Officers Brewer, Dalbaugh, Eckhert and Fritsche painfully pulled on his waist chain and/or hit him with handcuffs. It is somewhat unclear if the plaintiff suffered any injury, but the court finds the plaintiff has alleged excessive force for the purposes of notice pleading.

7) The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.

8) The plaintiff says Officers Shaw and Birkel refused him medical attention on August 1, 2003, after he seriously injured his wrists.

9) The plaintiff says on June 13, 2005, Officer Punke refused to provide needed medical care when the plaintiff was on suicide watch. The officer allowed the plaintiff to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)

10) Officers French and Fritsche conspired to allow inmates to attack the plaintiff on October 2, 2004, October 16, 2004 and November 29, 2004. The defendants failed to protect the plaintiff from the attacks, were deliberately indifferent to the plaintiff's serious medical needs, and allowed the attacks in retaliation for previously filed grievances and litigation

The court finds that the plaintiff has failed to state any claim upon which relief can be granted against Defendants Ramsey, Pierce, Nolen, Walker, Libby and Gerdber. These defendants will be dismissed. There are 24 surviving defendants including: French, Brewer, Hobart, Prentice, Ware, Fritsche, Wilson, Melvin, Rosemburg, Woods, Stevens, Fritzelle, Mote, Dr. Funk, Dr. Larsen, Birkel, Shaw, Gerdes, Barthold, Hodge, Punke, Eckhert, Potter and Dalbaugh. Eleven of theses defendants were first named in the amended complaint and have not been served.

For clarification of the record, the court again finds that the plaintiff has failed to state any

official capacity claims.   Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)  Therefore, all surviving claims are against the defendants in their individual capacities only.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to clarify the actions of the new defendants is denied as moot. [d/e 10].**

**2) The plaintiff's motion to file an amended complaint is granted. [d/e 17].  The clerk of the court is directed to file the amended complaint attached to the plaintiff's motion.**

**3) The court finds that the plaintiff has adequately alleged the following claims against the defendants in their individual capacities only:**
**a)  Defendants Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle participated in a conspiracy to have the plaintiff assaulted and injured by another inmate on February 17, 2005.**
**b) Ware, Prentice, Rosemburg and Fritzelle violated the plaintiff's Eighth Amendment rights  when they refused medical attention for the plaintiff's injuries on February 17, 2005.**
**c) On February 17, 2005, Defendants Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle acted in retaliation for the plaintiff's grievances and litigation in violation of the First Amendment.**
**d) On May 1, 2005, Officers Brewer and Gerdes used excessive force when they entered the plaintiff's cell and attacked him**.
**e) Officers Brewer and Gerdes actions on May 1, 2005 were in retaliation for the plaintiff's previous grievances and litigation.**
**f) Dr. Larsen violated the plaintiff's Eighth Amendment rights when he refused to provide medical care for the injuries the plaintiff received on May 1, 2005.**
**g) On July 28, 2003, Officers Stephens, Hobart, Melvin, Wilson, Woods, Mote and Hodge used excessive force against the plaintiff.**
**h) The following officers used excessive force in violation of the Eighth Amendment on the following dates: Officer Brewer on November 29, 2004; Officer Dalbaugh on September 7, 2004; Officer Eckhert on November 1, 2005 and Officer Fritsche on September 27, 2005.  The plaintiff alleges that each defendant painfully used either a waist chain or handcuffs.**
**i) Officers Potter and Barthold were deliberately indifferent to the plaintiff's serious medical needs on October 16, 2004.**
**j) Officers Shaw and Birkel were deliberately indifferent to the plaintiff's serious medical needs on August 1, 2003.**

**k) Officer Punke was deliberately indifferent to the plaintiff's serious medical condition on June 13, 2005.**
**l) Officers French and Fritsche conspired to allow inmates to attack the plaintiff on October 2, 2004, October 16, 2004 and November 29, 2004. The defendants failed to protect the plaintiff from the attacks, were deliberately indifferent to the plaintiff's serious medical needs, and allowed the attacks in retaliation for previously filed grievances and litigation.**

**4) Any other intended claims or any official capacity claims are dismissed for failure to state a claim upon which relief can be granted. The only surviving claims are those identified in paragraph 3 above.**

**5) All defendants other than those listed in paragraph 3 above are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. This includes Defendants Ramsey, Pierce, Nolen, Walker, Libby and Gerdber are dismissed from this lawsuit.**

**6) The plaintiff has again failed to provide the U.S. Marshal Service forms for any of the new defendants. The clerk of the court is to provide the forms to the plaintiff for the 11 new defendants. The plaintiff must fill out the service forms for defendants Dr. Funk, Dr. Larsen, Birkel, Shaw, Gerdes, Barthold, Hodge, Punke, Eckhert, Potter and Dalbaugh within 14 days or the new defendants will be dismissed from this lawsuit.**

**7) The court will consider the plaintiff's motion for appointment of counsel [d/e 9]; the plaintiff's motion for a temporary restraining order [d/e 18]; and the defendants' motion for an extension of time to file an answer to the complaint [d/e 35] during the Rule 16 scheduling hearing set on January 10, 2006 at 1:30 by video conference.**

**9) The clerk of the court is directed to issue a subpoena for Dr. Funk to testify during the January 10, 2006 video hearing concerning the plaintiff's claims that he is a mental health patient and currently receives psycho tropic medication.**

Entered this 5th day of January, 2006.

                      s\Harold A. Baker

            _____
                  HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE