UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
    Plaintiff,

vs.                                    05-1201

GLENN FRENCH, et. al.,
    Defendants.

## ORDER

This cause is before the court for case management. The plaintiff, Cedric Dupree, originally filed this lawsuit pursuant to 42 U.S.C. §1983 against 16 defendants. On October 5, 2005, the court conducted a merit review of the plaintiff's complaint and gave the plaintiff time to identify the John Doe defendants. The plaintiff then filed a motion for leave to file an amended complaint. The court allowed the motion and conducted a merit review of the amended complaint. On January 5, 2006, the court outlined the plaintiff's surviving claims against 24 defendants. Only the original sixteen defendants have been served.

The following motions are now pending: the plaintiff's motion for appointment of counsel [d/e 9]; the plaintiff's motions for a temporary restraining order [d/e 18]; defense motions for an extension of time to file a response [d/e 35, 48] the plaintiff's motion to consolidate cases [d/e 42]; the plaintiff's motion for an extension of time [d/e 44] and the plaintiff's motion for leave to file a second amended complaint. [d/e 46]. The plaintiff appeared pro se. Defendants French, Stevens, Ware, Fritsche, Prentice, Brewer, Wilson, Hobart, Melvin, Mote, Rosemburg, and Woods were represented by Attorney John Weathers.

## MOTIONS TO AMEND THE COMPLAINT.

The plaintiff has submitted a Second Amended Complaint. The document is an exact copy of the First Amended Complaint with the addition of two paragraphs. The plaintiff says he wanted to clarify the claims concerning defendants that the court dismissed in the January 5, 2005 merit review.

The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The court finds that the plaintiff has adequately alleged the following claims in the two new paragraphs in the Second Amended Complaint:

1) Officer Ramsey failed to protect the plaintiff when he allowed an inmate to attack the

plaintiff on July 28, 2003.
2) The plaintiff warned Defendants Mote, Wilson, Melvin and Walker that he would be attacked again, but he says they took no action and he was assaulted by the same inmate again on July 31, 2003.  The plaintiff says this was in retaliation for his grievances and law suits.  The plaintiff has stated a failure to protect and retaliation claim.
3) The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him.  Instead, they continue to place him near dangerous inmates and he continues to be assaulted.  He claims failure to protect, conspiracy and retaliation.

Therefore, the court will reinstate Defendants Ramsey, Pierce, Libby, Nolen and Walker.  In addition, the claims identified in the January 5, 2006 Court Order are also claims in the remaining portion of the Second Amended Complaint. *See* January 5, 2006 Court Order

### MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff participated in the hearing by video conferencing.  It was clear to the court that the plaintiff is unable to represent himself.   Therefore, the court will grant the plaintiff's motion for appointment of counsel and will attempt to find counsel to represent the plaintiff.

### MOTION FOR A TEMPORARY RESTRAINING ORDER

The plaintiff states that there has been a pattern of attacks against him by other inmates.  The plaintiff states that he has warned the defendants about these attacks, but they continue to intentionally place him in situations where he is assaulted.  The plaintiff says the defendants are conspiring to place him in danger and are retaliating for past grievances and lawsuits.  The plaintiff is asking to be placed in protective custody due to concerns about his safety.  The defendants are to provide a well-documented response to the plaintiff's motion within twenty-one days.

### MOTION TO CONSOLIDATE COMPLAINTS.

The plaintiff has filed a nonsensical motion asking to consolidate this case with a case he has pending in the Southern District of Illinois.  The plaintiff states the case was filed in 2002.  Venue for the 2002 case is apparently appropriate in the Southern District of Illinois and not in the Central District of Illinois.  The motion is denied.

### DEFENDANTS

The original 16 defendants in the first complaint have been served.  However, on January 5, 2005, the court dismissed Defendants Guy Pierce and Ramsey.  The plaintiff's Second Amended Complaint properly states claims against these two defendants so they will be reinstated as defendants.  Since these two defendants were already served and represented by Attorney John Weathers, counsel is notified that these two defendants are back in the lawsuit.

The plaintiff has filed a motion asking for additional time to fill out the paperwork for service of process on the remaining defendants. The plaintiff says he did not receive the proper paperwork. [d/e 44].  The motion is denied.   To expedite this case, the clerk of the court will be

instructed to fill out the proper service and summons forms for these individuals and provide them to the U.S. Marshal's for service of process.

MOTIONS FOR EXTENSIONS OF TIME.

The defendants who have been served have requested additional time to file a response to the complaint. The motion is granted. The defendants are to file a response to the claims identified in this order. The defendants must provide this response within twenty-one days.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel is granted. [d/e 9] The court will attempt to find counsel to represent the plaintiff.**

**2) The plaintiff's motion to consolidate this case with a case in the Southern District of Illinois is denied. [d/e 42]**

**3) Defendants French, Stevens, Ware, Fritsche, Prentice, Brewer, Wilson, Hobart, Melvin, Mote, Rosemburg, and Woods are to file a well- supported responses to the plaintiff's motion for a temporary restraining order [d/e 18] within twenty-one (21) days of this order.**

**4) The plaintiff's motion for leave to file a Second Amended Complaint is granted. [d/e 46]. The clerk is directed to file the provided Second Amended Complaint. The clerk is also directed to add Defendants Ramsey, Pierce, Libby, Nolen and Walker to this case. Counsel Weathers is advised that Defendants Ramsey and Pierce have already been served.**

**5) The court has conducted a merit review of the plaintiff's Second Amended Complaint, and finds that the plaintiff makes the following allegations[1]:**

**A) On February 17, 2005, Officers Fritsche and French participated in a conspiracy when they paid another inmate to assault the plaintiff. Officers Ware, Prentice, Rosemburg and Fritzelle also participated when they asked medical staff not to report or treat the plaintiff's injuries. The plaintiff has adequately alleged conspiracy against Defendants Fritsche, French, Ware, Rosemburg, Prentice, and Fritzelle. The plaintiff has also alleged that Defendants Ware, Prentice, Rosemburg and Fritzelle violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs. Lastly, the plaintiff says the action was taken in retaliation for his grievances and litigation.**

- **B) The plaintiff says on May 1, 2005, Officer Brewers and Gerdes attacked him in retaliation for his grievances and litigation. His injuries were reported to Dr. Larsen**

---

[1] See January 5, 2006 Court Order for determination of the claims previously stated in the First Amended Complaint.

who refused to take any action.  The plaintiff has alleged that Officers Brewers and Gerdes used excessive force and retaliated against the plaintiff while Dr. Larsen was deliberately indifferent to the plaintiff's serious medical needs.

- C) The plaintiff says on July 28, 2003, Officer Stephens held him while Officers Hobart, Melvin, Wilson, Woods, Mote and Hodge assaulted him.  The court finds that the plaintiff has alleged that the named officers used excessive force.

- D) The plaintiff says from July of 2003 to the present, Dr. Funk refused to provide medical care for the "blood in his urine" which caused the condition to worsen.   It is somewhat doubtful the plaintiff has stated a violation of his Eighth Amendment rights, but the court finds that for the purpose of notice pleading, the plaintiff has alleged that Dr. Funk was deliberately indifferent to his serious medical condition.

- E) The plaintiff lists dates in which he says Officers Brewer, Dalbaugh, Eckhert and Fritsche painfully pulled on his waist chain and/or hit him with handcuffs.  It is somewhat unclear if the plaintiff suffered any injury, but the court finds the plaintiff has alleged excessive force for the purposes of notice pleading.

- F) The plaintiff says Lieutenant Potter and Officer Barthold denied him medical attention after he was injured on October 16, 2004 in violation of the Eighth Amendment.

- G) The plaintiff says Officers Shaw and Birkel refused him medical attention on August 1, 2003, after he seriously injured his wrists.

- H) The plaintiff says on June 13, 2005, Officer Punke refused to provide needed medical care when the plaintiff was on suicide watch.  The officer allowed the plaintiff to have some kind of cutting devise and told the plaintiff to "cut deeper." (Comp, p 5-b)

- I) Officers French and Fritsche conspired to allow inmates to attack the plaintiff on October 2, 2004, October 16, 2004 and November 29, 2004.  The defendants failed to protect the plaintiff from the attacks, were deliberately indifferent to the plaintiff's serious medical needs, and allowed the attacks in retaliation for previously filed grievances and litigation

- J) Officer Ramsey failed to protect the plaintiff when he allowed an inmate to attack him on July 28, 2003.

- K) The plaintiff warned Defendants Mote, Wilson, Melvin and Walker that he would be attacked again, but he says they took no action and he was assaulted by the same inmate again on July 31, 2003.  The plaintiff says this was in retaliation for his grievances and law suits.  The plaintiff has stated a failure to protect and retaliation claim.

- L) The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him.  Instead, they continue to place him near dangerous inmates and

he continues to be assaulted.  He claims failure to protect, conspiracy and retaliation.

All claims are against the defendants in their individual capacities only.

6) This case shall proceed solely on the federal claims identified in paragraph (5) above.  Any claims not set forth in paragraph (5) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

7)  A copy of this order shall be served with the Second Amended Complaint. The clerk of the court shall provide copies of this order to the U.S. Marshals Office  for service upon the new defendants.

6) The plaintiff's motion for additional time to fill out service forms is denied. [d/e 44]  The clerk of the court is directed to fill out service and summons forms for Defendants  Dr. Funk and Dr. Larsen; Correctional Officers Birkel, Shaw, Rodney Gerdes, Dennis Barthold, Mary Hodge and J. Libby; Lieutenants Punke, Eckhert, Potter, Dalbaugh; and Sam Nolen; and Illinois Department of Corrections Director Roger Walker.   The forms are to be provided to the U.S. Marshals for service of process along with a copy of this order

7) The defendants motions for additional time to file a response to the complaint
are granted. [d/e 35, 48].  The defendants who have been served must file a response within 21 days of this order.  The defendants should file a response to the specific claims         identified in this order only.

                Entered this 24th day of January, 2006.


                s\Harold A. Baker

        _____
                HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE